CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJK

AUG 09 2013

JULIA C. DUDLEY, CLERK
BY: /s/ McOmaes
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH VALENTINE AWE, ) | Civil Action No. 7:13-cv-00143 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| HAROLD CLARKE, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Kenneth Valentine Awe, a Virginia inmate proceeding pro se, filed a Complaint, which the court construed as pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343, naming as defendants Harold Clarke, Director of the Virginia Department of Corrections ("VDOC"); Randall Mathena,[1] Warden of the Red Onion State Prison ("ROSP"); and Dr. Miller, the facility doctor at ROSP. Clarke and Mathena, the "Correctional Defendants," filed a motion to dismiss, and plaintiff responded, making the motion ripe for disposition.[2] After reviewing the record, I grant the Correctional Defendants' motion.

I.

The Complaint states the following allegations:

> On [January 28, 2013,] during intake at [ROSP], the ROSP security and medical state employees (acting under color of state law) took this plaintiff's eye medications and eyeglasses[,] leaving this plaintiff, who[se] known eye condition is documented in the VDOC medical records[,] without needed eye medications, causing this plaintif unbearable eye pain and loss of eye sight. The ROSP M.D.[,] Dr. Miller[,] knowingly with medical knowledge refuses to provide plaintiff with needed eye medication to rel[ieve] [and] prevent eye pain, loss of eye sight, [and] damage to eyes. This M.D. of ROSP knowingly causes the plaintiff eye pain and injury for over eight weeks on this date of March 25, 2013, inflicting cruel and unusual punishment with deliberate indifference[,] of

---

[1] Plaintiff identifies this defendant as "Randle Marthena," but I am aware of this defendant's accurate identity.
[2] The court is still attempting to resolve service on Dr. Miller.

which is managed and approved of by ROSP Warden Ran[dall] Ma[]thena, and the VDOC Director Har[o]ld Clarke[,] who act under color of state law.

(Compl. 3.) Plaintiff requests damages, declaratory relief, and an injunction to compel medical treatment.

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they

consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). To succeed with an unconstitutional medical treatment claim against non-medical prison personnel, a plaintiff must show that the official was personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or was deliberately indifferent to the medical provider's misconduct when even a lay person would understand that the medical provider is being deliberately indifferent. Id. at 854. Supervisory prison officials are entitled to rely on the professional judgment of trained medical personnel, and supervisory liability is not established merely by showing that a subordinate was deliberately indifferent to a plaintiff's medical need. Id.

3

Plaintiff fails to state an Eighth Amendment claim against the Correctional Defendants. Plaintiff merely alleges that the Correctional Defendants manage and approve of Dr. Miller's treatment. Plaintiff's reliance on this mere conclusion is not entitled to an assumption of truth. See Twombly, supra. Even if these facts were true, liability under § 1983 cannot be imposed upon a defendant unless that defendant is shown to have "participated directly" in the alleged violation of a federal right. See, e.g., Fisher v. Washington Metro. Area Transit Auth., 690 F.2d. 1133, 1142 (4th Cir. 1982) (stating no basis exists under 42 U.S.C. § 1983 for vicarious liability). Plaintiff has not alleged any Correctional Defendant's direct involvement, and supervisory liability under § 1983 may not be predicated on the theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Accordingly, plaintiff fails to state a claim against the Correctional Defendants upon which relief may be granted.

### III.

For the foregoing reasons, I grant the Correctional Defendants' motion to dismiss. Plaintiff's action remains pending against Dr. Miller.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff and counsel of record.

**ENTER**: This 9th day of August, 2013.

Senior United States District Judge